UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MUSTAFA ABDO OGETO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security, et al.,

Respondents.

Case No.: 26-cv-1789-RSH-MSB

**ORDER DENYING AMENDED
PETITION**

[ECF No. 2]

On March 19, 2026, petitioner Mustafa Abdo Ogeto, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Court referred the case to Federal Defenders of San Diego, Inc. ("FDSDI"), for possible representation. ECF No. 3. Thereafter, FDSDI appeared for Petitioner and filed an Amended Petition, the operative pleading. ECF No. 9. The merits are fully briefed. ECF Nos. 11, 12.

## I. BACKGROUND

This Court previously granted the petition in an earlier action that Petitioner brought, Case No. 26-cv-388-RSH-MSB. In so ruling, the Court found that Petitioner's immigration detention without a bond hearing had become unduly prolonged in violation of due process, and determined that "Petitioner is entitled to a prompt and individualized bond hearing, at

1

which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." Dkt. No. 7 (Order dated Feb. 11, 2026). Thereafter, Petitioner received a bond hearing before an immigration judge on March 10, 2026, but the immigration judge determined that Petitioner was a flight risk and denied bond in a written order the following day. *See* ECF No. 9-1, Ex. C.

The Amended Petition argues that the immigration judge's denial of bond was erroneous because the immigration judge "rel[ied] on … facts that do not pass constitutional muster," and "improperly shifted the burden onto Mr. Ogeto by predominantly relying on evidence provided by him—or a lack thereof—in making the flight determination." ECF No. 9 at 2. The Amended Petition continues, "[a]s a result, this Court should find that most of the facts relied upon in denying Mr. Ogeto's request for release on bond violated due process and order his immediate release." *Id.* The Amended Petition also argues that the bond hearing violated this Court's direction that Petitioner receive an "individualized" hearing. *Id.* at 4-5.

## II.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.   ANALYSIS

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *Id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

Although no party has provided a transcript of the bond hearing before the immigration judge, the Court has reviewed the immigration judge's bond denial order and the other exhibits submitted. The Court is not persuaded that Respondents have failed to

comply with the February 11, 2026 order. Petitioner does not dispute that the government timely held a bond hearing as directed by this Court's order; or that the immigration judge denied bond after hearing evidence and argument, and concluding that Petitioner is a flight risk. Petitioner also does not dispute that the immigration judge purported to impose the burden of proof on the government; Petitioner's contention, instead, is that the immigration judge erred in misapplying that burden. Although Petitioner argues that the bond hearing was not "individualized" as ordered by the Court, it is clear from the immigration judge's order that the immigration judge indeed considered Petitioner's individual facts and circumstances. Without opining on whether the immigration judge's ruling was free of error, this Court concludes that the proceedings here complied with this Court's order.

The remainder of Petitioner's claim, although enunciated in terms of burden shifting and due process, is in essence a claim that the immigration judge's decision to deny bond was erroneous—that the reasons given by the immigration judge were not collectively adequate to support the immigration judge's conclusion that DHS established that Petitioner was a flight risk. These are arguments to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review. The Court declines to act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process, designed to allow the agency to correct its own errors. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, determines that the prudential exhaustion requirement applies here, and declines to waive that requirement.

//

//

//

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the Amended Petition is **DENIED**. The Clerk of Court is directed to close the case.[1]

**IT IS SO ORDERED**.

Dated: May 18, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1]  After filing his petition pro se, Petitioner filed a motion for leave to proceed in forma pauperis [ECF No. 2]. This motion is **GRANTED**.

26-cv-1789-RSH-MSB